**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Kevin MCFADDEN, Defendant–
Appellant.**

**No. 05–51527
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

March 12, 2007.

Joseph H. Gay, Jr, Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Adrienne Urrutia, San Antonio, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

---

**406**

PER CURIAM: *

Kevin McFadden appeals the fifty-six-month sentence he received after his supervise release was revoked. He contends that, pursuant to *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), sentences imposed upon revocation of supervised release are reviewed under the reasonableness standard. Further, he argues that the sentence imposed was unreasonable because it substantially exceeded the guidelines advisory range and the district court's reasons for imposing the sentence were insufficient insofar as they did not comport with 18 U.S.C. § 3553(a).

This court need not decide the appropriate standard of review for a sentence imposed upon revocation of supervised release in the wake of *Booker* because McFadden has not shown that his sentence was either unreasonable or plainly unreasonable. *See United States v. Hinson,* 429 F.3d 114, 120 (5th Cir.2005), *cert. denied,* 547 U.S. 1083, 126 S.Ct. 1804, 164 L.Ed.2d 540 (2006). McFadden's sentence, while in excess of the recommended range, was within the statutory maximum sentence that the district court could have imposed. Further, a review of the record demonstrates that the district court considered the relevant sentencing factors. *See United States v. Smith,* 440 F.3d 704, 707 (5th Cir.2006). Therefore, the sentence was neither unreasonable nor plainly unreasonable.

Accordingly, the district court's judgment is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.